IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-426-CR




DAVID DAVIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 106,596, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for ten years and a $10,000 fine. Tex. Penal Code Ann. § 22.021 (West 1989). 
On the jury's recommendation, the district court suspended imposition of sentence and placed
appellant on probation.

 Appellant was convicted in this cause on July 30, 1992, and gave timely notice of
appeal. Thereafter, the attorney retained to represent appellant at trial, who is appellant's attorney
of record on appeal, filed in the district court a motion to withdraw as counsel. No action was
taken on that motion. Appellant also filed an affidavit of indigence and motion for appointment
of counsel on appeal. No action was taken on that motion. No request for a free statement of
facts was made. On May 12, 1993, after no statement of facts was filed in this Court, we ordered
the district court to conduct a hearing to determine if appellant wished to pursue the appeal, if
appellant had been improperly deprived of a statement of facts, and if appellant is indigent. Tex.
R. App. P. 53(m). This hearing was held on June 11, 1993. Among other things, the court found
that appellant is not indigent. On June 30, this Court ordered counsel to file a brief on appellant's
behalf raising as a point of error the district court's failure to find appellant is indigent, and
raising any additional points supported by the present record. 

 In nine points of error, appellant contends the district court erred by failing to hold
a timely hearing on his affidavit of indigence (points one, two, and three), by failing to appoint
counsel on appeal (points four, five, and six), and by failing to find that appellant is indigent
(points seven, eight, and nine). U.S. Const. Amend. V, XIV; Tex. Const. art. I, §§ 10, 13, 19;
Tex. Code Crim. Proc. Ann. arts. 1.051 (West Supp. 1993), 26.04 (West 1989). With regard
to the first three points, this Court agrees that it would have been better if the issue of appellant's
indigence had been resolved sooner. There is nothing in the record, however, to indicate that this
matter was ever brought to the court's attention or that a hearing was ever requested. In any
event, these points of error are moot because a hearing on appellant's indigence was ultimately
held pursuant to this Court's order. Points of error one, two, and three are overruled.

 Points of error four, five, and six are premised on appellant's assertion of
indigence, and we will consider them together with points seven, eight, and nine. The testimony
at the hearing reflects that appellant did not immediately make bail pending appeal and remained
in jail following his conviction (appellant was ordered to serve 180 days in jail as a condition of
probation). Appellant was released from jail on or about August 18 on a personal recognizance
bond. Thereafter, appellant posted a $5000 cash bond in a forgery case pending against him and
retained counsel to represent him in the trial of that cause. Appellant testified that this money
came from a cash reserve he had in a safe, but he could not remember how much that reserve
totaled. Appellant was not asked and did not explain why money from this reserve fund was not
used to pay counsel on appeal in this cause and to purchase a statement of facts. Appellant did
testify that the money remaining in the safe was subsequently stolen by his former girlfriend.

 Since his release from jail, appellant has lived with Cheryl George and shares
expenses with her. Appellant testified that his share of the rent is $400 per month, but George
testified that the total monthly rent is $445, of which appellant pays "what he can afford." 
Appellant estimated that he pays $300 per month for health insurance and $800 per year for car
insurance. Appellant could not remember how much he contributes for food, utilities, or other
expenses. Appellant testified that he received unemployment compensation following his release
from jail, but could not remember the amount. At the time of the hearing, appellant had been
employed for seven months as a recreational vehicle salesman. Appellant stated that he is paid
a "minimum wage backed by commission, depending on the hours I work." Appellant testified
that he was paid $5000 in May and $2000 in April. Appellant was uncertain of his salary in
earlier months, although he did state that he made less than $1000 during each of his first two
months of employment. Appellant testified that he has no bank accounts and owns personal
property of a value less than $1000.

 Appellant testified that he believed that the attorney who represented him at trial
would also handle this appeal. Appellant understood, however, that counsel had been paid only
for the trial, and that further payment would be required if she was to represent him on appeal. 
Appellant acknowledged making no payments to counsel to secure her employment for the appeal.

 Appellant has the burden to prove his indigence. The determination of indigence
is a matter resting in the sound discretion of the trial court and, in the absence of clear abuse, that
court's ruling will not be disturbed on appeal. Rosales v. State, 748 S.W.2d 451 (Tex. Crim.
App. 1987). In this cause, there is evidence from which the district court could reasonably
conclude that appellant's claim of indigence is not well founded. Although appellant was either
incarcerated or unemployed for several months immediately after his conviction, he had access
to a large sum of money, some of which he used to post bond and retain counsel in another case. 
Appellant had been employed for seven months at the time of the hearing, and had been paid a
total of $7000 in the two preceding months. We cannot say that the court clearly abused its
discretion by failing to find that appellant is indigent. In the absence of a showing of indigence,
the district court did not err by refusing to appoint counsel on appeal. 

 In his argument under points of error seven, eight, and nine, appellant also urges
that the trial court should have ordered the preparation of a free statement of facts. As previously
noted, however, no request for a free record was ever made. See Tex. R. App. P. 53(j)(2); Snoke
v. State, 780 S.W.2d 210, 212-13 (Tex. Crim. App. 1989); Abdnor v. State, 712 S.W.2d 136
(Tex. Crim. App. 1986). The record supports the conclusion that appellant was not denied a
statement of facts due to indigence or ineffective assistance of counsel. Points of error four
through nine are overruled. 

 In his last point of error, appellant contends that the district court abused its
discretion by refusing to allow trial counsel to withdraw as attorney of record on appeal. A
motion to withdraw as counsel on appeal, however, is properly addressed to the appellate court. 
Tex. R. App. P. 7. (1) No abuse of the district court's discretion is shown. Point of error ten is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 20, 1993

Do Not Publish
1. On June 25, 1993, after the record from the rule 53(m) hearing was filed in this Court,
counsel filed a motion to withdraw as counsel. In light of the procedural posture of the appeal
at that time and because the motion did not comply with rule 7, the motion was overruled.